UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------X
BYRON BREEZE, JR., *individually,*
c/o Bashian & Papantoniou, P.C.
500 Old Country Road, Suite 302
Garden City, New York 11530

       Plaintiff,                              CASE NO.: 1:20-cv-2994

    v.

ALI KAZEMZADEH, *individually,*
JENNIFER KAZEMZADEH, *individually*,
and AKJK PROPERTIES INC. d/b/a Crown,
*a District of Columbia corporation*,
c/o Ali Kazemzadeh
Jennifer Kazemzadeh and
AKJK Properties
2035 Chesapeake Rd
Annapolis, Maryland 21409

       Defendants.
------------------------------------------------------------X

**COMPLAINT**

Plaintiff, BYRON BREEZE, JR. (hereinafter "Plaintiff"), sues Defendants ALI KAZEMZADEH, JENNIFER KAZEMZADEH and AKJK PROPERTIES INC. (hereinafter "Defendants"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the District of Columbia Human Rights Act, D.C. Code § 2-1401.0 *et seq.* (2001) ("DCHRA") and alleges the following:

**JURISDICTION AND VENUE**

1.      This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*.  This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the District of Columbia.

**THE PARTIES**

3.      At all times material hereto, Plaintiff, BYRON BREEZE, JR., was and is over the age of 18 years, *sui juris*, and resides in Landover, Maryland, which is approximately nine miles from the Subject Property, as defined below.

4.      Defendant, ALI KAZEMZADEH ("A. Kazemzadeh"), is an individual that owns, and/or leases the real property located at 908 Florida Avenue NW, Washington, DC 20001 (the "Subject Property").

5.      Defendant, JENNIFER KAZEMZADEH ("J. Kazemzadeh"), is an individual that owns and/or leases the Subject Property.

6.      Defendant, AKJK PROPERTIES INC. ("AKJK") is, and at all relevant times mentioned, a Washington D.C. corporation with its principal place of business located at the Subject Property (hereinafter, A. Kazemzadeh, J. Kazemzadeh and AKJK shall collectively be referred to as the "Defendants").

7.      Upon information and belief, the Defendants are the co-operators of the Subject Property.

8. Plaintiff has at all material times suffered from a "qualified disability" under the ADA in that, Plaintiff was born without legs and without complete hands, and uses a wheelchair for mobility in his daily lifestyle.

9. Plaintiff resides approximately nine miles from the Subject Property and has an intention to return to the Subject Property for the purchase of gasoline.

10. Plaintiff is a duly licensed motor vehicle operator and uses a motor vehicle (the "Vehicle") to commute and perform his daily activities.

11. Prior to filing this lawsuit, in or around September 17, 2020, Plaintiff visited the Subject Property, as a customer, with the intention of purchasing gasoline at a self-service pump.

12. Upon visiting the Subject Property, Plaintiff discovered the Subject Property was not accessible, to wit: no assistance was offered or provided by Defendants for Plaintiff, as a disabled patron, to purchase gasoline at the self-service pump of the Subject Property.

13. As a result, Plaintiff was unable to use the controls, hose or nozzle of a self-service gasoline pump at the Subject Property and forced to leave the Subject Property without the purchase of gasoline, which was readily available to all non-disabled patrons at the self-service pump.

14. Venue is appropriate in this District, because the events giving rise to the instant action all occurred in this District, and the Defendants' business and Subject Property are located within the confines of this District.

## COUNT I
## VIOLATION OF THE ADA

15. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

17. Congress specifically found, *inter alia*, that:[1]

a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

18. Congress explicitly set forth the purpose of the ADA; to wit:[2]

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).
[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

19. In May 1999, the U.S. Department of Justice issued specific regulations governing gas stations and delineating how such businesses are to become accessible to the physically disabled, as required by the ADA; pursuant to those regulations, gas stations are required, *inter alia*, to provide refueling assistance upon the request of a disabled individual and let customers "know (e.g., through appropriate signs or notification at the pump) that individuals with disabilities can obtain refueling assistance by either honking or otherwise signaling an employee. Some stations provide a call button." *www.ada.gov/gasbrprt.pdf*.

20. In addition to the foregoing, the ADA specifically provides,

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

*42 .S.C. § 12182(b)(2).*

21. Here, Defendants have failed to comply with all requirements under the U.S. Department of Justice regulations for assistance at self-service pumps located at gas stations. Specifically, Defendants do not have any signs or call buttons located on the fueling tank of the gas station. Therefore, customers with disabilities, such as Plaintiff, are unable to obtain refueling

5

assistance in the same manner and at the same self-service charge, as nondisabled patrons. Likewise, Defendants failed to take the reasonable steps necessary to ensure that Plaintiff (and others similarly situated) are not excluded on the basis of one's disability, even though doing so would not be an undue burden, nor fundamentally change the nature of the goods and services that are provided.

22. Plaintiff resides in the proximity of the Subject Property, in that his home is only nine miles from the gas station. Plaintiff intends to visit the Subject Property again in the future, perhaps repeatedly, in order to refuel his Vehicle with gasoline; however, in light of his disabilities, unless and until the Subject Property is brought into full compliance with the ADA, and the U.S. Department of Justice regulations, the Plaintiff will remain unable to do so.

23. As a result of the foregoing, Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

24. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remediate the ADA violations set forth herein, and to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff, by making appropriate alterations to policies and procedures, including but not limited to providing signs, notifications and/or call buttons, on or near self-service pumps, so that disabled customers can obtain refueling assistance at self-service pumps without any charge beyond the self-service gas price.

25. This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the Subject Property, and/or

alteration and modifications to Defendants' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities as required by law.

26. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.

27. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA unless and until that failure is enjoined.

28. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property so that it is made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, and closing the facilities until the requisite modifications are complete.

## COUNT II
## VIOLATIONS OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

29. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

30. At all times relevant to this action, the District of Columbia Human Rights Act D.C. Code §§ 2-1401.01 *et seq*. (DCHRA) was in full force and effect in the District of Columbia.

31. The Subject Property is a place of public accommodation as defined by the DCHRA.

32. Plaintiff is a person with disabilities within the meaning of the DCHRA.

33. The DCHRA prohibits discrimination against persons with disabilities and provides, in pertinent part:

> (a) General. It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the … disability…of any individual:

(1) To deny, direct or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations.… [3]

34. The DCHRA's prohibition of discrimination on the basis of disability applies to the same extent, and with the same effect, as Title III of the ADA.

35. By maintaining barriers that discriminate against people with disabilities (i.e. failure to have appropriate signs, buttons or notifications at the self-service pump) through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of disability, accommodations, advantages, or privileges of the Subject Property.

36. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to D.C. Code § 2-1401.0 *et seq.*, and all relief provided for thereunder.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, and requests the following injunctive and declaratory relief:

a) A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendants are in violation of the ADA, 42 U.S.C. §§ 1281 *et seq.*, and the DCHRA, D.C. Code 2-1401.01 *et seq*;

b) An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to Subject Property;

---

[3] D.C. Code § 2-1401.31.

c) An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA;

d) An Order issuing injunctive relief requiring Defendants to comply with all applicable sections of the ADA, as to this Subject Property.

e) A permanent injunction ordering Defendants to close the Subject Property and cease all business until Defendants remove all violations under the ADA, including but not limited to the violations set forth herein;

f) Enter judgment awarding Plaintiff compensatory damage in an amount appropriate to the proof at trial.

g) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

h) For such other and further relief that this Court deems just, necessary and proper.

DATED this **19th** day of **October,** 2020.

BASHIAN & PAPANTONIOU, P.C.
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:   (516) 279-1554
Fax:   (516) 213-0339

By: */s/ Erik M. Bashian, Esq.*
ERIK M. BASHIAN, ESQ.
D.C. Bar No. 1657407
eb@bashpaplaw.com